

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AW:JSS:jss
F. #1998R00464
klotsman bail ltr1.wpd

*One Pierrepont Plaza*
*Brooklyn, New York 11201*

Mailing Address: *147 Pierrepont Street*
*Brooklyn, New York 11201*

November 20, 2001

TO BE FILED UNDER SEAL

The Honorable I. Leo Glasser
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. John Doe (Gennady Klotsman)
        Criminal Docket Number 98-1069 (ILG)

Dear Judge Glasser:

    This letter is submitted with respect to the bail status of the defendant, Gennady Klotsman, in the above-captioned case, which is to be addressed at a status conference before Your Honor today at 4:30 p.m. As described further below, the government believes that bail is no longer appropriate for Klotsman, and, in lieu of a formal motion by the government for revocation of bail, Klotsman has consented to be remanded to the custody of the Marshal's Service pending his sentencing in this case, which is now scheduled for December 17, 2001 at 10:00 a.m.

### Factual Background

    In November 1998 Klotsman entered into a cooperation agreement pursuant to which he pled guilty to conducting the affairs of a racketeering enterprise, in violation of 18 U.S.C. § 1962(c). This charge grew out of Klotsman's ownership and control, together with others, of White Rock Partners and State Street Capital Markets: two corrupt brokerage firms engaged in stock price manipulations which resulted in tens of millions of dollars of losses to investors. The predicate acts for the racketeering enterprise in which Klotsman participated consisted of securities fraud and money laundering from 1993 to 1996. Klotsman's cooperation contributed to the investigation and prosecution of numerous individuals associated with White Rock Partners and State Street Capital, notably, the defendants

charged in United States v. Coppa, et al., 00 CR 196 (ILG).

When he first came into the government's custody, Klotsman was detained. Klotsman had extensive ties abroad, as reflected in the complex money laundering operation involving off-shore accounts. Indeed, prior to his arrest, and aware of the government's investigation, Klotsman had fled to Europe and returned to this country only after a substantial period in order to seek to cooperate with the authorities. Subsequent to his guilty plea, Klotsman was released on a $1.5 million bond partly secured by certain property and co-signed by relatives and friends of the defendant.

Klotsman was placed on electronic monitoring when he was first released from custody. At Klotsman's request, the government consented to the removal of electronic monitoring so that he could pursue employment opportunities. Because of the serious nature of Klotsman's financial crimes, the government imposed certain limitations on Klotsman's obtaining employment in order protect his ongoing cooperation. Specifically, Klotsman was required to provide the government with information about his job opportunities, so that we could determine whether his proposed employment was lawful and appropriate; and Klotsman was prohibited from taking part in securities-related work. Klotsman agreed to these conditions.

## Discussion

Against this background, the government's present position - that bail is no longer appropriate for Klotsman - reflects three important changes in circumstances from the time of Klotsman's release on bail.

First, since his release Klotsman has lied to the government about the nature and extent of his business activities; and these lies have concerned the very matters about which Klotsman knew the government was most concerned. Notably, Klotsman used nominees to acquire secret control over large blocks of stock in small, start-up companies - conduct that was integral to the criminal charges to which he pled guilty - and then lied to the government about his stock ownership. Klotsman likewise concealed from the government, and from Pre-trial Services, his efforts to finance a new investment bank, notwithstanding his awareness that this was the very sort of activity from which he was to refrain under his agreement with the government. In short, Klotsman cannot be trusted to report his activities truthfully to the authorities.

Second, Klotsman has committed several additional crimes relating to his lies and concealment of his business activities and financial resources - most importantly, false statements to the government, in violation of 18 U.S.C. § 1001, and false statements under oath in a New Jersey matrimonial matter with his estranged wife. In addition, the government is presently investigating whether Klotsman has committed additional crimes relating to the underlying securities-related activities about which he sought to deceive the government. Put simply, Klotsman has violated the conditions of his release by committing additional crimes.

Last, as a result of Klotsman's serious misconduct while on release - constituting violations of his bail conditions and cooperation agreement - the government is now carefully considering whether or not it will move pursuant to U.S.S.G. § 5K1.1 so as to permit the Court to sentence Klotsman below the applicable guideline range. While the final decision in this regard has not yet been made, Klotsman now understands that there is a strong likelihood that he will receive a longer sentence on account of his misconduct than he would otherwise have received. This changed circumstances is especially important here because Klotsman's guidelines are high - by the government's conservative estimation, they are likely to be at least 8 to 11 years - so that he now has an especially strong incentive to flee rather than accept a lengthy jail term.

For all of these reasons, exacerbated by the fact of Klotsman's demonstrated foreign ties and previous flight to avoid law enforcement authorities, the government now believes that Klotsman is an unsuitable bail risk and that he should be remanded. While Klotsman's misconduct amply justifies a motion for revocation of bail pursuant to 18 U.S.C. § 3148(b), the defendant, through counsel, Ivan Fisher, Esq., has expressed his consent to remand in lieu of a formal motion.

We will of course seek to provide any additional information sought by the Court at the status conference later

today. Because of the reference to Klotsman's cooperation with the government, we request that this letter be filed under seal.

                            Respectfully submitted,

                            ALAN VINEGRAD
                            UNITED STATES ATTORNEY

By: _____
      Jonathan S. Sack
      Assistant U.S. Attorney
      (718) 254-6238

cc: Ivan Fisher, Esq. (By Fax and Mail)



U.S. Department of Justice

*United States Attorney
Eastern District of New York*

AW:JSS:jss
F. #1998R00464
klotsman bail ltr1.wpd

*One Pierrepont Plaza
Brooklyn, New York 11201*

*Mailing Address:*  *147 Pierrepont Street
Brooklyn, New York 11201*

November 20, 2001

TO BE FILED UNDER SEAL

The Honorable I. Leo Glasser
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. John Doe (Gennady Klotsman)
    Criminal Docket Number 98-1069 (ILG)

Dear Judge Glasser:

This letter is submitted with respect to the bail status of the defendant, Gennady Klotsman, in the above-captioned case, which is to be addressed at a status conference before Your Honor today at 4:30 p.m. As described further below, the government believes that bail is no longer appropriate for Klotsman, and, in lieu of a formal motion by the government for revocation of bail, Klotsman has consented to be remanded to the custody of the Marshal's Service pending his sentencing in this case, which is now scheduled for December 17, 2001 at 10:00 a.m.

Factual Background

In November 1998 Klotsman entered into a cooperation agreement pursuant to which he pled guilty to conducting the affairs of a racketeering enterprise, in violation of 18 U.S.C. § 1962(c). This charge grew out of Klotsman's ownership and control, together with others, of White Rock Partners and State Street Capital Markets: two corrupt brokerage firms engaged in stock price manipulations which resulted in tens of millions of dollars of losses to investors. The predicate acts for the racketeering enterprise in which Klotsman participated consisted of securities fraud and money laundering from 1993 to 1996. Klotsman's cooperation contributed to the investigation and prosecution of numerous individuals associated with White Rock Partners and State Street Capital, notably, the defendants

charged in <u>United States v. Coppa, et al.</u>, 00 CR 196 (ILG).

When he first came into the government's custody, Klotsman was detained. Klotsman had extensive ties abroad, as reflected in the complex money laundering operation involving off-shore accounts. Indeed, prior to his arrest, and aware of the government's investigation, Klotsman had fled to Europe and returned to this country only after a substantial period in order to seek to cooperate with the authorities. Subsequent to his guilty plea, Klotsman was released on a $1.5 million bond partly secured by certain property and co-signed by relatives and friends of the defendant.

Klotsman was placed on electronic monitoring when he was first released from custody. At Klotsman's request, the government consented to the removal of electronic monitoring so that he could pursue employment opportunities. Because of the serious nature of Klotsman's financial crimes, the government imposed certain limitations on Klotsman's obtaining employment in order protect his ongoing cooperation. Specifically, Klotsman was required to provide the government with information about his job opportunities, so that we could determine whether his proposed employment was lawful and appropriate; and Klotsman was prohibited from taking part in securities-related work. Klotsman agreed to these conditions.

## Discussion

Against this background, the government's present position - that bail is no longer appropriate for Klotsman - reflects three important changes in circumstances from the time of Klotsman's release on bail.

First, since his release Klotsman has lied to the government about the nature and extent of his business activities; and these lies have concerned the very matters about which Klotsman knew the government was most concerned. Notably, Klotsman used nominees to acquire secret control over large blocks of stock in small, start-up companies - conduct that was integral to the criminal charges to which he pled guilty - and then lied to the government about his stock ownership. Klotsman likewise concealed from the government, and from Pre-trial Services, his efforts to finance a new investment bank, notwithstanding his awareness that this was the very sort of activity from which he was to refrain under his agreement with the government. In short, Klotsman cannot be trusted to report his activities truthfully to the authorities.

Second, Klotsman has committed several additional crimes relating to his lies and concealment of his business activities and financial resources - most importantly, false statements to the government, in violation of 18 U.S.C. § 1001, and false statements under oath in a New Jersey matrimonial matter with his estranged wife. In addition, the government is presently investigating whether Klotsman has committed additional crimes relating to the underlying securities-related activities about which he sought to deceive the government. Put simply, Klotsman has violated the conditions of his release by committing additional crimes.

Last, as a result of Klotsman's serious misconduct while on release - constituting violations of his bail conditions and cooperation agreement - the government is now carefully considering whether or not it will move pursuant to U.S.S.G. § 5K1.1 so as to permit the Court to sentence Klotsman below the applicable guideline range. While the final decision in this regard has not yet been made, Klotsman now understands that there is a strong likelihood that he will receive a longer sentence on account of his misconduct than he would otherwise have received. This changed circumstances is especially important here because Klotsman's guidelines are high - by the government's conservative estimation, they are likely to be at least 8 to 11 years - so that he now has an especially strong incentive to flee rather than accept a lengthy jail term.

For all of these reasons, exacerbated by the fact of Klotsman's demonstrated foreign ties and previous flight to avoid law enforcement authorities, the government now believes that Klotsman is an unsuitable bail risk and that he should be remanded. While Klotsman's misconduct amply justifies a motion for revocation of bail pursuant to 18 U.S.C. § 3148(b), the defendant, through counsel, Ivan Fisher, Esq., has expressed his consent to remand in lieu of a formal motion.

We will of course seek to provide any additional information sought by the Court at the status conference later

today. Because of the reference to Klotsman's cooperation with the government, we request that this letter be filed under seal.

Respectfully submitted,

ALAN VINEGRAD
UNITED STATES ATTORNEY

By: _____
Jonathan S. Sack
Assistant U.S. Attorney
(718) 254-6238

cc: Ivan Fisher, Esq. (By Fax and Mail)